O’NIELL, C. J.
 

 Appellant was convicted of transporting and of selling intoxicating liquor for beverage purposes.
 

 Both cases were fixed for trial at 10 a. m. on May 7, 1925. The defendant and his attorney came into court promptly and were
 
 *1077
 
 informed by a deputy sheriff that the judge was holding court in another parish and had ordered the trial of these cases postponed until 2 o’clock that day. The defendant had asked the district attorney for a hill of particulars, to be informed (1) whether the whisky alleged to have been sold was corn whisky or some other kind of whisky, (2) where and to whom it was sold, (3) whence and whither it was transported, and (4) whether the whisky .alleged to have been sold was the same whisky that was alleged to have been transported. When the defendant and his attorney returned to court at 2 o’clock, the district attorney gave them the information and particulars which they had asked for, except perhaps as to whether the whisky was corn whisky or some other kind of whisky. The defendant was then also informed that the accusation was that he had sold the same whisky that he had transported. The defendant’s attorney then asked for a continuance, not because the bill of particulars surprised him in any way, or that he was unprepared in that respect, but because there was no order of court postponing the trial from 10 o’clock to 2 o’clock that day, and because he was, as he alleged, not prepared to go to trial without knowing definitely when the court would try him. The motion for continuance was overruled, and the attorney reserved his bill of exception No. 1.
 

 There was no merit in the motion for a continuance. The judge had the right to order the trial postponed, when he was detained in another parish; and there was no necessity- for a formal or written order of court, or for anything more than the verbal order to the sheriff, to notify the defendant and his attorney of the postponement. The defendant knew then “definitely when the court would try him.”
 

 Bill No. 2 was reserved to the overruling of an objection to testimony given by the sheriff and a deputy sheriff, on the trial of the motion for continuance. They testified that the judge had instructed the sheriff and that he had instructed the deputy to notify all parties having cases-fixed for trial on that day that the cases would be called at 2 o’clock. The objection was that the testir mony was hearsay. It was not hearsay, or subject to objection as such, because its purpose was not to prove the truth of anything that the judge told the sheriff or that he told the deputy, but to prove the fact that the instruction was given by the judge to the sheriff and by him to his deputy. There is no merit in that bill of exception.
 

 Bills No. 3, No. 4, and No. 5 have been abandoned. There was no merit in them.
 

 Bill No. 6 was taken to the overruling of a motion in arrest of judgment; in which it was contended that the defendant could not be legally convicted of transporting for beverage purposes and of selling the same and identical whisky. In State v. Melerine, 158 La. 511, 104 So. 308, it was held that, although the possessing and transporting of intoxicating liquor might be, under some circumstances, only one offense, nevertheless it was not impossible to commit both offenses with one and the same quantity of intoxicating liquor. It is not necessary to decide here whether the transporting and the selling of intoxicating liquor are not essentially different transactions. It is sufficient to say that there is nothing in the record to show that the transporting and the selling of the whisky in this case were not separate transactions. The district judge found that they were separate transactions.
 

 The conviction and sentence in each case is affirmed.