245 So.2d 372

**STATE of Louisiana**

v.

*Ernest B.* **GONZALES.**

**No. 50719.**

Feb. 24, 1971.

Rehearing Denied March 29, 1971.

William B. Morgan, II, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

By Bill of Information, the State charged Ernest B. Gonzales with receiving sup-

◼◼◼◼◼◼◼

port and maintenance from the earnings of a prostitute in violation of LSA–R.S. 14:84. Upon trial, the jury returned a verdict of guilty, and the trial judge sentenced him to a term of two years in the parish prison.

He has appealed, relying upon Bills of Exceptions Nos. 1, 2 and 6 reserved during the trial.

The background facts are these: On the night of November 20, 1969, New Orleans Policeman Tim Freel entered the Golden Slipper Club in plain clothes for a routine vice check in cooperation with the vice squad. He ordered a drink. Ernest B. Gonzales, the defendant, was in the establishment. Gonzales motioned to Freel and called to the barmaid, Ruth Gray. She approached the officer and asked him to buy her a drink. After the officer had purchased her a drink, she offered to engage in prostitution. Ultimately, he gave her three twenty dollar bills, the numbers of which had been recorded.

The woman placed the money in the cash register and accompanied the officer to an apartment owned by Gonzales. After she had disrobed, the officer placed her under arrest. He then summoned two other officers, and they returned to the Golden Slipper. There, they arrested Gonzales, advised him of his rights, and asked him to empty his pockets. He produced a large roll of bills in which the officers found the three twenty dollar bills received by the barmaid.

## BILLS OF EXCEPTIONS NOS. 1 and 2:
### Admission of Hearsay Evidence.

◼◼◼◼ Defendant reserved these Bills of Exceptions to the following testimony of Officer Freel:

"I sat at the bar and ordered a drink and the subject before the bar there motioned to me and called to the barmaid. The barmaid approached me and asked if I would buy her a drink. * *

"She asked me to buy her a drink which I did. She asked me if I would like to go to a party. At this time I said how much and where and when. She told me it would be $50.00 and $10.00 for a room. I told her that would be all right. She said, 'Do you have a way to get there?' I said, 'No, I don't.' She said she would call a cab at which time I handed her $60.00, three twenties."

The defendant asserts that this out-of-court statement of the barmaid was inadmissible hearsay; that the barmaid was available as a witness; and that the admission of the officer's testimony prejudiced the substantial rights of the defendant.

The State asserts that the statement was uttered during the commission of a crime and was admissible under the doctrine of

*res gestae*, a frequently used exception to the hearsay rule embodied in our statutory law as LSA–R.S. 15:447, 448.[1]

These Bills of Exceptions lack merit. Hearsay evidence is generally inadmissible in criminal prosecutions. LSA–R.S. 15:434. This rule, however, excludes only those out-of-court statements offered to prove the truth of the matter contained in them. State v. Thomas, 159 La. 1076, 106 So. 570; Comment, Hearsay and Non-Hearsay as Reflected in Louisiana Criminal Cases, 14 La.L.Rev. 611, 612; 29 Am.Jur.2d, Evidence, § 497, p. 555.

To sustain the charge in the present case, the State was required to prove that the barmaid from whom defendant received the money engaged in prostitution. See LSA–R.S. 14:84, subpar. (4); LSA–R.S. 14:82. In such proof, her solicitation of men to engage in sexual relations is pertinent. The evidentiary question is whether the words of solicitation were spoken. Without the words, the transfer of money to the barmaid is at best ambiguous. Under these circumstances, her conversation with the officer is usable, not to prove the truth of its content, but that the utterance occurred. The utterance gives color to the non-verbal conduct. The officer, of course, is able to testify as to her statement from his own perception. Such evidence is non-hearsay. Because

of its relevance, it is admissible in the present case. State v. Kay, 176 La. 294, 145 So. 544; State v. Thomas, supra; McCormick on Evidence, § 228, pp. 463, 464 (1954); 6 Wigmore on Evidence (3d ed.), § 1772, pp. 190–192.

### BILL OF EXCEPTIONS NO. 6:
#### Special Instructions on Entrapment.

The defendant reserved Bill of Exceptions No. 6 to the refusal to give a special charge on entrapment.

After the closing argument to the jury, defense counsel made the following oral request:

"If your honor please, the defense would request specific instructions to the jury on entrapment."

The trial judge denied the request. In his *Per Curiam,* the trial judge states that the evidence offered at the trial raised no question of entrapment and that such an instruction was foreign to the issues.

Article 807 of the Louisiana Code of Criminal Procedure provides:

"The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party sub-

---

1. The State does not contend and the record is insufficient to show that the con-

tested statement was uttered in the presence of the defendant.

mitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.

"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."

The trial judge properly denied the request.

We observe that the request came after argument to the jury. At this point, the giving of a special charge is discretionary with the trial judge.

The requested charge, moreover, was oral. The codal article requires that the charge be in writing. A written charge is essential so that the adverse party may have a copy of it and so that the trial judge can determine whether it is wholly correct and whether it can be given without qualification or explanation.

■ Finally, as phrased, the charge was incomplete and could not·be given without explanation. For the State or defendant to assert the right to have a special charge given to the jury, the article requires that the charge be complete, so that the trial judge may use it without change 'or explanation. State v. Dugas, 252 La. 345, 211 So.2d 285.

We conclude that the bill of exceptions lacks merit.

For the reasons assigned, the conviction and sentence are affirmed.

McCALEB, C. J., concurs in the decree.