337 So.2d 496 (1976)
STATE of Louisiana
v.
Charles BEAN.
No. 57718.
Supreme Court of Louisiana.
September 13, 1976.
Adam G. Nunez, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., A. J. Fazzio, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant was charged with the second degree murder of Nathaniel Cornely, Jr., a violation of LSA-R.S. 14:30.1(1). After trial by jury, he was convicted and sentenced to life imprisonment. On appeal, defendant relies upon ten assignments of error for reversal of his conviction and sentence. Finding merit in defendant's Assignment of Error No. 10, we find it unnecessary to discuss the remaining assignments of error.
In Assignment of Error No. 10, defendant alleges that the court committed reversible error in permitting certain hearsay testimony into evidence, over defense objection, reciting that defendant had stabbed the victim.
*497 The challenged testimony of State's witness, Howard James Leger, is as follows:
"Q. Okay; and when you went around the building, you saw Thumb? [Thumb is the nickname of the victim.]
"A. Yes.
"Q. And what was Thumb's condition then?
"A. He was . . . he had a big cut around . . . in his stomach.
"Q. Okay; and that's when you said somebody had told you something. What did they tell you then, at that time?
"MR. NUNEZ: Your Honor, I'm going to again object to hearsay.
"MR. FAZZIO: It's part of the res gestae.
"THE COURT: Objection is overruled.
"MR. NUNEZ: I reserve, Your Honor.
"Q. Now, what did the man tell you when he was holding Thumb, and Thumb was cut in his stomach?
"A. He told me Thumb had been stabbed, and it was real bad.
"Q. Did he say who stabbed him?
"A. Said Charles.
"Q. Charles who?
"A. Bean."
Hearsay is an out-of-court statement offered at the trial to prove the truth of the matter contained in the statement. State v. Gonzales, 258 La. 103, 245 So.2d 372 (1971); State v. Thomas, 159 La. 1076, 106 So. 570 (1925); 29 Am.Jur.2d, Evidence, § 497, p. 555. The contested statement could have no other purpose than to prove that the defendant was in fact the assailant. Hence, it is hearsay.
The State contends, however, that the statement is admissible in evidence as part of the res gestae. Res gestae is a well-recognized exception to the hearsay rule.
The res gestae exception is statutorily defined as follows:
"Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence." [LSA-R.S. 15:447]
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction." [LSA-R.S. 15:448]
The excited utterance exception is broadly applied in Louisiana and includes testimony of utterances before, during, and immediately after the crime. State v. Batiste, La., 318 So.2d 27 (1975); State v. Mays, La., 315 So.2d 766 (1975).
The rationale of the exception is the special reliability of utterances made under the pressure and excitement of a crime or other extraordinary occurrence. Basic to the exception, therefore, is the requirement that the declarant must have personally observed the event about which he makes a factual utterance. Carney v. Pennsylvania Railroad Company, 428 Pa. 489, 240 A.2d 71 (1968); Montesi v. State, 220 Tenn. 354, 417 S.W.2d 554 (1967); Pugh, Louisiana Evidence Law, p. 506 (1974); Comment, Excited Utterances and Present Sense Impressions as Exceptions to the Hearsay Rule in Louisiana, 29 La.L.Rev. 661, 673 (1969); 6 J. Wigmore, A Treatise on the Anglo-American System of Evidence in Trials at Common Law, § 1751, p. 155 (3rd ed. 1940); McCormick, Evidence, § 297 p. 705 (2d ed. 1972); Anno.-Declarations-Condition of Admissibility, 127 A.L.R. 1030 (1940).
The fundamental principle is correctly stated in 29 Am.Jur.2d, Evidence, § 724, p. 795, as follows:
"In cases or jurisdictions in which statements by bystanders may properly be admitted as part of the res gestae, the admissibility of a particular declaration may be affected by evidence or lack of evidence that the bystander actually observed the principal act to which the *498 statement relates. In this connection, the res gestae exception to the hearsay rule cannot properly dispense with the requirement that in some way, at least, and with some degree of persuasive force, it must appear that the declarant was in reality a witness to the thing which he declared."
We have found no decision in Louisiana which has squarely applied the rule. Our examination of numerous decisions of this Court dealing with the res gestae exception discloses that invariably the declarant observed the incident to which his utterance pertained. The presence of the declarant was shown either by the statement, itself, or by the foundation laid for the introduction of the statement.
In the present case, the record is insufficient to support a reasonable inference that the declarant actually witnessed the crime. Whether or not his identification of the assailant was based on personal observation is not disclosed in the context of the utterance or in the foundation for its admission. Hence, we hold that the utterance identifying the defendant as the assailant was inadmissible at the trial.
The evidence against the defendant in this case was circumstantial. Undoubtedly, the hearsay statement naming the defendant as the assailant was quite damaging. Hence, in the light of the entire record, we conclude that it was reversible error. See LSA-C.Cr.P. Art. 921.
For the reasons assigned, the conviction and sentence are reversed, and the case is remanded for a new trial according to law and consistent with the views herein expressed.