359 So.2d 147 (1978)
STATE of Louisiana
v.
Nathaniel GIBSON.
No. 61228.
Supreme Court of Louisiana.
May 22, 1978.
Rehearing Denied June 15, 1978.
*148 William J. O'Hara, III, Supervising Atty., Bruce G. Buhler, Student Practitioner, Loyola Law School Clinic, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Nathaniel Gibson with armed robbery, a violation of LSA-R.S. 14:64. After a trial, the judge found defendant guilty. The court sentenced defendant to twenty years at hard labor. Defendant now appeals his conviction and sentence, relying upon three assignments of error.[1]
On January 1, 1977, Nathaniel Gibson entered a neighborhood restaurant and bar owned by Mr. and Mrs. Sam Sholes. Gibson pulled a gun and demanded the money from Mrs. Sholes. A scuffle ensued between Gibson and Mr. Sholes. Mrs. Sholes gave Gibson approximately $500 and he fled.

ASSIGNMENTS OF ERROR NOS. 4 AND 5
Herein, defendant complains of the trial court's ruling sustaining the State's objection to statements heard by Lawrence Williams, a bar patron, and the denial of the motion for a new trial based on that ruling. Defendant argues that Williams' testimony is admissible as part of the res gestae of the crime.
Hearsay is an out-of-court statement offered at the trial to prove the truth of the matter contained in the statement.[2]State v. Gonzales, 258 La. 103, 245 So.2d 372 (1971); State v. Thomas, 159 La. 1076, 106 So. 570 (1925); 29 Am.Jur.2d, Evidence, § 497, p. 555.
Res gestae is a well-recognized exception to the hearsay rule. The res gestae exception is statutorily defined as follows:
"Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence." [LSA-R.S. 15:447]
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction." [LSA-R.S. 15:448]
*149 The utterances of bystanders, as well as participants, are admissible under this exception when a proper foundation has been laid. State v. Bean, La., 337 So.2d 496 (1976).
In State v. Bean, supra, we stated:
"The rationale of the exception is the special reliability of utterances made under the pressure and excitement of a crime or other extraordinary occurrence. Basic to the exception, therefore, is the requirement that the declarant must have personally observed the event about which he makes a factual utterance. Carney v. Pennsylvania Railroad Company 428 Pa. 489, 240 A.2d 71 (1968); Montesi v. State, 220 Tenn. 354, 417 S.W.2d 554 (1967); Pugh, Louisiana Evidence Law, p. 506 (1974); Comment, Excited Utterances and Present Sense Impressions as Exceptions to the Hearsay Rule in Louisiana, 29 La.L.Rev. 661, 673 (1969); 6 J. Wigmore, A Treatise on the Anglo-American System of Evidence in Trials at Common Law, § 1751, p. 155 (3rd ed. 1940); McCormick, Evidence, § 297 p. 705 (2d ed. 1972); Anno.-Declarations-Condition of Admissibility, 127 A.L.R. 1030 (1940).
"The fundamental principle is correctly stated in 29 Am.Jur.2d, Evidence, § 724, p. 795, as follows:
`In cases or jurisdictions in which statements by bystanders may properly be admitted as part of the res gestae, the admissibility of a particular declaration may be affected by evidence or lack of evidence that the bystander actually observed the principal act to which the statement relates. In this connection, the res gestae exception to the hearsay rule cannot properly dispense with the requirement that in some way, at least, and with some degree of persuasive force, it must appear that the declarant was in reality a witness to the thing which he declared.'"
Lawrence Williams had not seen the robbery or the scuffle which ensued because he had gone to the restroom. When he returned, he saw the robber exiting. From Williams' vantage point, he could not discern the man's facial features. However, he was personally able to determine that the man he saw leaving the barroom was more darkly complexioned than the defendant.
Williams' hearsay testimony of the statements made by the bar patrons immediately after the man fled was disallowed by the trial court judge. Defendant argues that his ruling is reversible error, as the description of the robber by the patrons is inapplicable to the defendant and is, therefore, exculpatory.
The foundation laid in the present case is insufficient to establish that the utterance heard by the witness was a spontaneous utterance under the pressure of the occurrence by a bystander who had personally observed the robber as he committed the crime. Hence, the utterance was inadmissible under the res gestae exception. See State v. Bean, supra.
Assignments of Error Nos. 4 and 5 do not present reversible error.

ASSIGNMENT OF ERROR NO. 3
In Assignment of Error No. 3, defendant contends that the trial court erred in denying his motion for a directed verdict.
Initially, we note that the 1975 legislature abolished the motion for a directed verdict. LSA-C.Cr.P. Art. 778. The motion for acquittal, however, is proper in non-jury cases. A trial judge's denial will not be reversed on appeal unless there is a complete lack of evidence of the crime or an essential element thereof. State v. Little, La., 353 So.2d 255 (1977); State v. Penson, La., 351 So.2d 1181 (1977); State v. Spot, La., 340 So.2d 1349 (1976).
The State introduced the following testimony by Mr. Sholes, the victim:
Nathaniel Gibson entered the bar and restaurant on January 1, 1977. He pulled a gun and demanded all the money from Mrs. Sholes. Gibson scuffled with Mr. Sholes and fled when Mrs. Sholes gave him the money he demanded.
*150 Thus, there is ample evidence that defendant committed the armed robbery. The trial court judge properly denied defendant's motion.
Assignment of Error No. 3 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Assignments of Error Nos. 1, 2, and 6 have not been briefed or argued. They are, therefore, considered abandoned. State v. Phillips, La., 337 So.2d 1157 (1976); State v. Blanton, La., 325 So.2d 586 (1976); State v. Carlisle, La., 315 So.2d 675 (1975).
[2] The definition of hearsay has been recently restated in State v. Martin, La., 356 So.2d 1370 (1978). The Court stated:

"We have on occasion indicated that an out-of-court assertion by a testifying witness is not hearsay, although it does not appear that this notion was actually crucial to any of our decisions. In other cases, this Court has stated the definition of hearsay in language which would include an out-of-court assertion of a testifying witness. After warning that any one-sentence definition is an over-simplification, Professor McCormick proposes the following:
`Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.' C. McCormick, Evidence, § 246 (Cleary ed. 1972).
"Upon reflection, we conclude that Professor McCormick's formulation is preferable as a brief definition of hearsay." [Footnotes omitted.]