PONDER, Judge.
Defendant was convicted of three counts of armed robbery and sentenced to fifteen years on each count to run consecutively. La.R.S. 14:64.[1] Defendant appealed assigning five errors.
We affirm.
Between the hours of 11:30 p.m. and midnight on November 9,1980, the cashier of a Convenient Food Mart in Houma was robbed. The robber, wearing a blue cap, placed two cans of oil on the counter, pulled out a small, silver gun, reached over the counter and began taking money out of the cash register. As he was ready to leave he said, “Tell them the candy man sent me.”
The following evening, between 11:30 p.m. and midnight, an employee and customer of a Shop Rite store in Houma were robbed. The robber, wearing a blue cap, put two cans of motor oil or transmission fluid on the counter, pulled out a small, silver gun, told the employee to give him the money from the register and reached over the counter for the money himself. The robber also told the customer to hand over his money. As the robber was leaving, *1292 he said, “Tell them the candy man sent me.”
Defendant was charged with one count on the first incident and two counts on the second.
ASSIGNMENT OF ERROR NUMBER 1
Defendant argues the trial court erred in failing to sustain his objection to the join-der of the first count with the second and third counts in one bill of information because the first robbery was totally unrelated.
The armed robberies charged were of the same or similar character. They were committed in a similar manner, under similar circumstances, close in proximity and time. The mode of trial was the same for each offense. The offenses were properly joined in the same information. La.C.Cr.P. art. 493.[2]
Crimes exhibiting the same mode of operation may be tried simultaneously, even over defense objection, when evidence of such crimes is mutually admissible as “other crimes” evidence. State v. Dickinson, 370 So.2d 557 (La.1979).
Evidence is admissible as “other crimes” evidence when the offenses are sufficiently similar to distinguish them as the work of one person, when they are relevant to a material issue and when their probative value outweighs prejudicial effect. State v. Carter, 352 So.2d 607 (La.1977); State v. Prieur, 277 So.2d 126 (La.1973).
Additionally, the evidence of each crime was simple and distinct creating little danger that the jury could not distinguish the evidence and intelligently apply the law for each offense. The charges were for a violation of the same statute, and there should have been no confusion in the application of the law to the offenses. State v. Robinson, 404 So.2d 907 (La.1981).
Defendant’s assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER 2
Defendant next alleges that the trial court erred in overruling his objection to the scope of the State’s questioning of one of its witnesses on redirect examination. The witness was asked on redirect what he heard the perpetrator say during the robbery. He had previously testified about what was said on direct examination, but was not questioned about it on cross examination.
While the redirect technically exceeded the scope of questioning permitted under La.R.S. 15:281,[3] the testimony had already been elicited and defendant failed to demonstrate he suffered any prejudice due to the court’s ruling. La.C.Cr.P. art. 921.[4]
Assignment of Error Number 2 lacks merit.
ASSIGNMENTS OF ERROR NUMBERS 3 AND 4
Defendant alleges in his third and fourth assignment of errors that the trial court erred in permitting the State to recall four of its witnesses after testifying and in permitting the introduction of certain items of evidence.
During the State’s case, and out of the presence of the jury, the State asked to be allowed to call back some of its witnesses to identify certain items of evidence. The prosecutor explained that prior to trial and on the morning of trial he had attempted to *1293 locate the evidence, but that it was lost somewhere in the Sheriff’s office. He stated that the evidence had just been found and asked that the court allow him to return the witnesses to the stand for the limited purpose of identifying a blue cap, a revolver and an envelope.
Defendant contends that it was confusing to the jury and prejudicial to permit the witnesses to testify a second time.
Prior to recalling the witnesses, the State called Sgt. Gary Alford, custodian in the crime laboratory, who testified that the evidence had not been located until the trial date after trial had begun. The witnesses’ testimony was limited to identifying the items of evidence. There was little likelihood of confusion on the part of the jury. Also, defendant was given the opportunity to conduct further cross-examination. We find no abuse of the trial court’s discretion. La.C.Cr.P. art. 765(5);[5] State v. Kirsch, 363 So.2d 429 (La.1978).
Defendant argues the State failed to show that the cap, gun and envelope were the same items of evidence taken from the defendant and without a proper chain of custody were inadmissible.
To admit demonstrative evidence at trial, the object must be identified. Identification can be visual, that is, by testimony that the object sought to be introduced is related to the case. It can also be established by chain of custody. State v. Davis, 411 So.2d 434 (La.1982).
A sufficient foundation has been laid for the admission of demonstrative evidence if the evidence as a whole establishes that it is more probable than not that the object introduced is the same as the object originally seized. State v. Smith, 430 So.2d 31 (La.1983).
All four witnesses testified that the pistol appeared to be the same one used in the robbery. Three witnesses found the cap to be similar and one testified it looked identical. The customer who was robbed positively identified the envelope taken from him in the robbery and identified his handwriting on the envelope.
Sgt. Alford also testified that the bag containing the evidence was found locked in the desk of the other evidence custodian, Lt. Walling, who had logged the evidence into the laboratory. The logging card indicated the items were brought in on November 11, 1980.
We find that it was more probable than not that the evidence introduced was the same as that used in the robbery and submitted to the Crime Laboratory.
These assignments lack merit.
ASSIGNMENT OF ERROR NUMBER 5.
Defendant alleges the trial court erred in allowing a State witness to testify from a copy of a business record.
Tom Chamberlain, records custodian and manager of the fast food restaurant where defendant worked, testified for the State on rebuttal as to defendant’s pay.
Chamberlain was not working at the restaurant when defendant was employed. He testified that the former manager, responsible for the pay records when prepared, was somewhere in town but no longer employed with the company. He stated the payroll roster brought to court was the copy kept in *1294 the store and was a multiple original of the original kept in Lafayette.
To properly invoke the business records exception to the hearsay rule in a criminal case, it must be shown that the person who made the record is genuinely unavailable for testimony, that he had no strong motive to misrepresent, and that in all probability the evidence is trustworthy. State v. Phagans, 412 So.2d 580 (La.1982).
It was not established that the manager who prepared the records was genuinely unavailable. And Chamberlain, as custodian, did not say he had seen the original in Lafayette. State v. Juengain, 410 So.2d 1099 (La.1982).
The trial court erred in permitting the introduction of the evidence. We find, however, that the error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824,17 L.Ed.2d 705 (1967). The records themselves did not link defendant to the robbery and the State’s proof was not dependent on them. State v. Phagans, supra.
This assignment lacks merit.
For the foregoing reasons, defendant’s convictions and sentences are affirmed.
AFFIRMED.

. La.R.S. 14:64:
A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.

. La.C.Cr.P. art. 493:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.

. La.R.S. 15:281:
The redirect examination must be confined to the subject matter of the cross-examination and to the explanation of statements elicited on cross-examination; but the application of this rule is within the discretion of the trial judge, provided that the opportunity be not denied to recross on the new matter brought out on the redirect.

.La.C.Cr.P. art. 921:
A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.

. La.C.Cr.P. art. 765 provides:
The normal order of trial shall be as follows:
(1) The selection and swearing of the jury;
(2) The reading of the indictment;
(3) The reading of the defendant’s plea on arraignment;
(4) The opening statements of the state and of the defendant;
(5) The presentation of the evidence of the state, and of the defendant, and of the state in rebuttal. The court in its discretion may permit the introduction of additional evidence prior to argument;
(6) The argument of the state, the defendant, and the state in rebuttal;
(7) The court’s charge;
(8) The announcement of the verdict or mistrial in jury cases, or of the judgment in nonjury cases; and
(9) The discharge of the jury in jury cases.
When there is more than one defendant, the court shall determine the order of trial as between them.
A defendant may waive his opening statement.