LABORDE, Judge.
Defendant, Ronald E. Williams, was charged by bill of information with theft of approximately $6,000 in cash in violation of LSA-R.S. 14:67. After pleading not guilty, defendant was convicted by a six member jury and was sentenced to serve ten (10) years at hard labor. Defendant appeals from his conviction and sentence. We affirm.
FACTS
On or about March 6, 1981, the defendant, Ronald Williams, entered George Ther-iot’s grocery store in Sulphur. Defendant, noticing that the cash drawer in the store was unattended, allegedly filled his shirt with approximately $6,000 and left the store. A short time later, he and three companions were apprehended on Interstate 10 by Calcasieu Parish law enforcement officers. The stolen money was revealed and defendant was taken to jail. On March 7, 1981, a confession was obtained from the defendant by Lt. Bagwell of the Sulphur Police Department.
On September 21, 1981, defendant entered a plea of guilty to the charge of felony theft. He was sentenced to serve three (3) years at hard labor. Subsequently, it was discovered that defendant had been previously convicted of several felonies. For this reason, the trial court vacated the three (3) year sentence and defendant was allowed to withdraw his guilty plea. On May 11, 1983, trial on the merits commenced and defendant was found guilty of felony theft by a six member jury and sentenced to serve ten (10) years at hard labor.
ISSUES
During trial, defendant objected to three rulings made by the trial judge relating to the admission of evidence.
The issues presented on appeal are:
1) Whether the trial judge erroneously admitted into evidence a “waiver of rights” form signed by defendant when it was not produced by the state pursuant to defendant’s request by pretrial motion for discovery and inspection;
2) Whether the trial judge erroneously allowed defendant’s purported confession to be admitted into evidence; and,
3) Whether the trial judge erred in allowing the state to recall witnesses who had not been previously cross-examined by defendant.
Issue #1; Evidence of Waiver of Rights
Following defendant’s arrest, he was transported to jail whereupon he signed a “waiver of rights” form and was then questioned by officers about the offense.
In his motion for discovery and inspection, defendant requested that the state:
“Permit or authorize defendant to inspect and copy, photograph, or otherwise reproduce any written or recorded confession or statement of any nature, including recorded testimony before a grand jury, or copy thereof, of the defendant in the possession, custody, control or knowledge of the district attorney:
“Permit or authorize defendant to inspect, copy, examine, test scientifically, *1301 photograph, or otherwise reproduce any books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof, which are within the possession, custody, or control of the state, and which:
A. are favorable to defendant and which are material and relevant to the issue of guilt or punishment, or
B. are intended for use by the state as evidence at the trial, or
C. were obtained from or belong to defendant;
“Permit or authorize defendant to inspect and copy, photograph, or otherwise reproduce any relevant written or recorded confessions or inculpatory statements made by a codefendant and intended for use at trial, including any and all exculpatory evidence even though it is not intended for use at trial.”
Defendant claims that he did not receive the above mentioned “waiver of rights” form in response to this motion. Over defendant’s objection, the trial judge allowed the state to introduce the rights form at trial.
Defendant contends that the trial court erred by allowing this waiver into evidence and that it should have been disallowed because of the state’s prior failure to produce it subject to defendant’s motion for discovery and inspection. Defendant relies on the discovery sanctions of LSA-C.Cr.P. article 729.5 as a basis for having the evidence disallowed at trial.[1]
We find that the signed waiver form constitutes a “statement” by the defendant as to the contents of the form. Accordingly, the state failed to comply with the pretrial discovery motion requiring production of a "... statement of any nature ...” made by defendant. The trial court should have properly disallowed the evidence in accordance with the sanctions provided for in LSA-C.Cr.P. art. 729.5.
In the instant case, it does not appear that the defendant was prejudiced by the state’s failure to provide a copy of the waiver form since a second signed waiver, nearly identical in nature, was provided along with defendant’s confession. The omitted waiver was, at most, cumulative evidence that the defendant intended to waive the constitutional rights enumerated in these two, nearly identical, Miranda warnings.
The state’s failure to comply with a defendant’s appropriate discovery request will not necessitate a reversal of defendant’s conviction in the absence of prejudice. State v. Willis, 438 So.2d 605 (3rd Cir. 1983); State v. Ray, 423 So.2d 1116 (La.1982).
Having found that defendant was not prejudiced in this instance, we hold that the trial court’s improper ruling does not warrant reversal.

Issue #2: Abandoned Assignment

Defendant failed to brief the assignment of error giving rise to the instant issue. Assignments of error which are not briefed are considered abandoned on appeal. State v. Dewey, 408 So.2d 1255 (La.1982). Accordingly, this assignment of error lacks merit.

Issue #3: Order Of Trial

Defendant contends that the trial court erred in allowing the state to recall a witness, Kay Alters.
Before the state rested its case-in-chief, the assistant district attorney recalled witness Alters to the stand for the purposes of obtaining testimony concerning an essential element of the crime charged, i.e., the value of the property taken. Apparently *1302 the state had not elicited this information when the witness initially testified. Defendant argued that this was improper and prejudicial. He asserts that since this witness’ testimony failed to establish an essential element, the defense counsel declined to cross-examine this witness and several other state witnesses. Furthermore, he argues that once the state called its witnesses, the only proper purpose of recalling them was in rebuttal of defendant’s cross-examination, and, since this was not done, that the state’s case was closed and recalling any of the witnesses even to prove an essential element of the crime was improper. The state argued that it had not rested its case.
LSA-C.Cr.P. Article 765 provides, inter alia:
“The normal order of trial shall be as follows:
(5) The presentation of the evidence of the state, and of the defendant, and of the state in rebuttal. The court in its discretion may permit the introduction of additional evidence prior to argument;”
Under art. 765(5), there is no prohibition against the state reopening its case to submit additional evidence before closing arguments. State v. Wise, 434 So.2d 1308 (3rd Cir.1983); State v. Bonanno, 373 So.2d 1284 (La.1979). Moreover, the recalling of a witness rests within the sound discretion of the trial judge. State v. Kirsch, 363 So.2d 429 (La.1978).
In State v. Kirsch, supra, the defendant argued that the trial court erred in allowing the state to recall a witness. The court held that the trial court did not err in allowing the recall in view of the fact that it also gave the defendant the opportunity to conduct cross-examination after the recall.
In the instant case, it does not appear that the trial court abused its discretion in allowing the recall of the witness, Ms. Alters. The state had not yet rested its case. Furthermore, the trial court allowed the defendant an opportunity to cross-examine the witness, once she was recalled. Thus, this assignment of error lacks merit.
DECREE
For the above and foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Art. 729.5. Failure to comply; sanctions
“A. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.”
"B. * * * Omitted * * * ”