SAVOIE, Judge.
On July 20, 1983, Johnny Cox was indicted for second-degree murder. He was tried on December 12, 1983 and was found guilty by a jury of the responsive verdict of manslaughter, in violation of La.R.S. 14:31. He was sentenced to serve twenty-one years, without benefit of parole, probation or suspension of sentence. This sentence was to be served without benefit of parole, probation, or suspension of sentence, pursuant to La., C.Cr.P. art. 893.1. Also, pursuant to La.R.S. 14:95.2, because a firearm was used in the manslaughter, two years without benefit of parole, probation or suspension of sentence or credit for good time were added, to be served consecutively.
Cox appeals, posing six assignments of error. However, he did not brief assignments of error number 2 or number 3; therefore, they are considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4. The assignments of error are as follows:
1. The trial court erred when it admitted new evidence during redirect examination.
*441 4. The trial court erred when it admitted irrelevant testimony.
5. The trial court erred when it admitted exhibits 4 and 5 into evidence.
6. The evidence was insufficient to support the guilty verdict.
At approximately 1:30 A.M., on June 4, 1983, Cox shot and killed Donald Ray Washington in front of the B and P Lounge. The record shows that immediately prior to the shooting, there was a dispute between Cox and Washington. There is no testimony from the record showing the origin of their dispute. There is evidence that Cox talked to Shawn Poindexter, an eleven year old boy, near the B and P Lounge. He told Shawn to go to his house and get a pistol for him. A witness testified that Washington walked out of the B and P Lounge and up to Cox. They then had words, touched each other in a manner to cause provocation, and one or two punches were thrown. Cox then stepped back, pulled the pistol from his back pocket and shot Washington in the chest.
ASSIGNMENT OF ERROR NO. 1
Cox alleges the trial court erred in overruling his objection to the State’s questioning of Officer Robin M. Davis on redirect examination. He was asked to identify the clothes of the victim in order to lay a foundation for their admittance into evidence. Cox claims that he did not question Officer Davis about this during cross-examination, and that, in consequence, the question concerning the identity of the victim’s clothes was beyond the scope of proper redirect examination.
La.R.S. 15:281 provides:
The redirect examination must be confined to the subject matter of the cross-examination and to the explanation of statements elicited on cross-examination; but the application of this rule is within the discretion of the trial judge, provided that the opportunity be not denied to recross on the new matter brought out on the redirect.
Upon review of the record, we find that this question of identity did not exceed the subject matter of the defense cross-examination. During cross-examination, Cox asked several questions about the victim’s clothes. A question during redirect concerning the identity of the clothes was within this subject matter.
Also, it has been held that “where the defendant is allowed the opportunity to recross the witness on the new subject brought out by the State during redirect, there has been no error.” State v. Chapman, 410 So.2d 689, 701 (La.1982). Cox was given this opportunity, and he made full use of it.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4
Cox argues that the trial court erred in permitting evidence as to whether an attempt to serve Eddie Lee Cox with a subpoena had been made. Cox claims that such evidence is not relevant, since it does not tend to show the commission of the offense and the intent, nor does it tend to negate the commission of the offense and the intent. La.R.S. 15:441.
We do not find that the trial court permitted evidence as to whether an attempt was made to serve Eddie Lee Cox with a subpoena. When the State asked Rita Mae Cox, the young man’s mother, if anyone tried to serve Eddie Lee Cox, Cox objected and the objection was sustained by the trial court. The question of relevancy of this evidence is, therefore, moot.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 5
Cox alleges that the trial court erred in permitting into evidence a bag and the shirt contained within, which are exhibits number 4 and 5. He claims the State failed to lay a proper foundation.
During trial, Officer Louis Dupuy testified that Officer Sarrazin works with the Crime Scene Search Division, and her duties include taking photographs and re *442 covering evidence. Officer Robin M. Davis, who investigated the scene of the crime shortly after it had happened, indicated that Officer Sarrazin was there taking photographs. She also gathered the victim’s clothes, which had been cut off of him by emergency medical technicians before he was taken by ambulance to Earl K. Long Hospital. Officer Sarrazin did not testify at trial, but Officer Davis, on redirect examination, identified a shirt as the one worn by the victim on the night of his death. The trial court accepted the bag and the shirt within it as evidence. Cox claims the identification by Officer Davis is not legitimate because he did not personally remove the victim’s clothes from the scene of the crime.
To admit demonstrative evidence, the law requires that the object be identified and the identification can be visual, that is, by testimony at trial that the object sought to be introduced is the one related to the case. State v. Smith, 430 So.2d 31 (La.1983), State v. Joseph, 441 So.2d 1290 (La.App. 1st Cir.1983), writ denied, 446 So.2d 315 (La.1984).
A sufficient foundation is laid for admission of demonstrative evidence if it has been established that it is more probable than not that the object introduced is the same as the object originally seized. State v. Smith, supra; State v. Joseph, supra.
The State established that Officer Davis arrived at the B and P Lounge shortly after the incident, and that he observed the victim and his clothes, before and after they were removed from him. He had no difficulty identifying the victim’s shirt at trial. We find that it was more probable than not that the shirt introduced was worn by the victim and submitted to the Crime Laboratory.
Additionally, we note that lack of a positive identification goes to the weight of the evidence rather than to its admissibility. State v. Taylor, 422 So.2d 109 (La.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1803, 76 L.Ed.2d 367 (1983); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972). The weight given to evidence rests solely upon the sound discretion of the trier of fact, which, in this case, is the jury. See State v. Robertson, 441 So.2d 1281, 1285 (La.App. 1st Cir.1983).
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 6
Cox argues that the evidence brought out at trial is insufficient to support a guilty verdict. The standard by which we review the sufficiency of the evidence is under La.C.Cr.P. art. 821, which requires that the evidence be viewed in the light most favorable to the prosecution and then to determine if any rational trier of fact could have found that the essential elements of the crime of manslaughter were proven beyond a reasonable doubt. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
Edward Dent testified that he personally witnessed the event in front of the B and P Lounge. He heard Cox and Donald Ray Washington trade verbal insults and saw them push and shove each other in a provocative manner. He testified he then saw defendant pull a gun from his back pocket and shoot Washington in the chest, causing the wound from which he died shortly thereafter. In addition, Shawn Poindexter testified that he met with Cox near the B and P Lounge on the night of the incident, just prior to the shooting, where defendant instructed him to go to his house, find his pistol, and bring it to him. Shawn testified that he followed Cox’s instructions.
This evidence supports the jury’s conclusion. Accordingly, we find that any rational trier of fact could have found that the essential elements of manslaughter were proven beyond a reasonable doubt.
This assignment of error is without merit.
For the above and foregoing reasons, the conviction is affirmed.
AFFIRMED.