FRED W. JONES, Jr., Judge.
The defendant, Dewana Smith, was found guilty by a jury, as charged, of simple escape (La.R.S. 14:110) and sentenced to jail for nine months. Upon payment of court costs, the jail sentence was to be suspended and the defendant placed on supervised probation for two years. Defendant appealed, reserving one assignment of error.

Factual Context

On February 11, 1984, Trooper Gates was working an accident in Union Parish. Agent Tidwell of the U.S. Fish and Wildlife Service was assisting him by directing traffic in the affected area. When he stopped Ms. Smith’s vehicle Tidwell observed that it was driven by a boy who appeared to be about 13 years old. At Tidwell’s suggestion, Ms. Smith exchanged places with the youngster. She drove off when Tidwell released the traffic he had detained.
*830 As Ms. Smith proceeded down the highway Trooper Gates noticed that her car was weaving from lane to lane. He stopped it and ordered the driver to get out. Observing that Ms. Smith had difficulty walking, had red eyes and smelled of ■ alcohol, Trooper Gates arrested her for driving while intoxicated and placed her in the back seat of his police car. The latter had no inside door handles in the back but did have window handles.
Trooper Gates proceeded to inventory the Smith automobile. Upon completing that task and returning to his car, the trooper found that a back window was rolled down and Ms. Smith was gone. She turned herself in to law enforcement officials a few days later and was charged with DWI and simple escape.
ASSIGNMENT OF ERROR
Defendant contends the trial judge erred in refusing to give a special charge on entrapment.
La. Code of Criminal Procedure Article 807 provides:
The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
Where no evidence offered at the trial supports the requested special charge, the trial judge acts properly in refusing to give the charge. State v. Belgard, 410 So.2d 720 (La.1982).
The pertinent definition of the offense of simple escape is set forth in La.R.S. 14:110(A)(1) as follows:
A. Simple escape shall mean either of the following:
(1) The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections.
An entrapment is perpetrated when a law enforcement official or a person acting in cooperation with such an official, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages, or otherwise induces another person to engage in conduct constituting such offense when he is not then otherwise disposed to do so. State v. Batiste, 363 So.2d 639 (La.1978). When entrapment is at issue, the focal point of the inquiry is on the predisposition of the defendant to commit the crime at issue as well as on the conduct of the police. State v. Batiste, supra. For entrapment to exist, a defendant must be induced in some way to engage in criminal conduct which he is not otherwise disposed to engage in; an entrapment defense will not lie if the officers or agents have merely furnished a defendant, who is predisposed to commit the crime, the opportunities to do so. State v. Moody, 393 So.2d 1212 (La.1981).
In this case no evidence was presented at the trial to indicate that the defendant was in any way encouraged or otherwise induced by law enforcement officers to escape from custody when she was not disposed to do so. Therefore, the trial judge correctly refused to give the requested special charge. See State v. Gonzales, 258 La. 103, 245 So.2d 372 (1971).
The assignment lacks merit.

Decree

For the reasons set forth, defendant’s conviction and sentence are affirmed.