281 So.2d 713 (1973)
STATE of Louisiana
v.
Floyd Perry JACOBS, Jr.
No. 53370.
Supreme Court of Louisiana.
August 20, 1973.
*714 Ralph L. Barnett, Gretna, Al J. Mendoza, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., John M. Manoulides, Dist. Atty., Robert Evans, Jr., Asst. Dist. Atty., for plaintiffs-appellee.
DIXON, Justice.
On April 26, 1970 Robert Lee Maricle, an attendant at a Tenneco Service Station located on Jefferson Highway in Jefferson Parish, was shot and killed during an attempted armed robbery. Floyd Perry Jacobs, Jr. was indicted for the murder of Robert Lee Maricle and was convicted by a jury which returned a verdict of "guilty without capital punishment." He was sentenced to life imprisonment. Jacobs has appealed his conviction and sentence, relying on three bills of exceptions.
BILL OF EXCEPTIONS NO. 1
Jacobs, a resident of Houston, was arrested by the Houston police pursuant to a warrant issued by Jefferson Parish officials. Shortly after his arrest, Jacobs gave a written confession to the Houston police. Jacobs moved to suppress the written confession, but the motion was denied following a hearing by the trial judge. Appellant reserved Bill of Exceptions No. 1 to the denial of the motion to suppress.
In his brief, appellant concedes that the written confession was never introduced as evidence at his trial. Therefore, appellant correctly abandoned Bill of Exceptions No. 1, stating that the issue presented was moot.
BILL OF EXCEPTIONS NO. 2
The two Jefferson Parish deputies who were called to the scene of the shooting *715 found the victim wounded, but conscious. One deputy, Deputy Liccardi, rode in the ambulance with the victim to Oschner Foundation Hospital. The victim later died in the emergency room of the hospital.
At appellant's trial, Deputy Liccardi testified that "(the victim) told me that two teen-age boys had shot him while attempting to rob him." Defense counsel objected that this testimony was inadmissible hearsay evidence. The trial court overruled the objection, to which ruling defense counsel reserved Bill of Exceptions No. 2.
R.S. 15:434 and R.S. 15:463 provide that hearsay evidence is inadmissible unless otherwise provided by statute. Hearsay evidence is evidence of an unsworn, out-of-court statement made by a person other than the testifying witness which is introduced for the truth of its content. State v. Brevelle and Brevelle, 264 La. 164, 270 So.2d 852 (1972), State v. Wilkerson, 261 La. 342, 259 So.2d 871 (1972), C. McCormick, Handbook of the Law of Evidence, § 246 (2d Ed. 1972), 2 Wharton's Criminal Evidence, § 265 (13th Ed. 1972). Unquestionably, the evidence of the statement made by the victim to Deputy Liccardi was hearsay evidence and, thus, inadmissible unless the statement qualified as an exception to the hearsay exclusionary rule.
At trial, the State contended that the hearsay evidence was admissible as a "dying declaration." Although the "dying declaration" exception is not statutory, traditionally it has been recognized by our courts. See, State v. Fletcher, 127 La. 602, 53 So. 877 (1910), State v. Harris, 112 La. 937, 36 So. 810 (1904), State v. Jones, 47 La.Ann. 1524, 18 So. 515 (1895), State v. Scott, 12 La.Ann. 274 (1857). One important requirement of the "dying declaration" exception is that the declarant must believe, at the time he makes the declaration, that his death is imminent. State v. Fletcher, supra, State v. Harris, supra, State v. Jones, supra, State v. Scott, supra, C. McCormick, Handbook of the Law of Evidence, § 282 (2d Ed. 1972), 2 Wharton's Criminal Evidence, § 315 (13th Ed. 1972). There is no evidence in the record indicating that the victim believed his death to be imminent when he made the declaration to Deputy Liccardi. Hence, the hearsay testimony was not admissible as a "dying declaration."
The State also contended, and the trial judge ruled, that the hearsay testimony was admissible as res gestae. Res gestae is defined in R.S. 15:447 and 15:448 as follows:
"Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence."
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it or form in conjunction with it one continuous transaction."
The declaration by the victim was not admissible as res gestae. It was not spontaneous, but rather was made in response to a question by Deputy Liccardi. Clearly, the declaration was narrative and thus not within the definition of res gestae in R.S. 15:447.
The hearsay testimony by Deputy Liccardi was not admissible under an exception to the hearsay rule. Hence, the trial judge erred in admitting the hearsay testimony as evidence. However, this error will not support a reversal of defendant's conviction. The victim's declaration was that two teen-agers shot him during an attempted robbery. He did not further identify or describe the two perpetrators of *716 the crime. Two witnesses to the incident testified that the attack was perpetrated by two young white males of medium height and medium weight. Jacobs fits that description. Two teen-age girls who were traveling with Jacobs and another man testified that Jacobs and the other man shot the victim while attempting to rob him. Hence, the declaration by the deceased victim was merely cumulative evidence.
The trial judge committed harmless error when he allowed Deputy Liccardi to testify concerning the declaration of the victim. C.Cr.P. 921.
BILL OF EXCEPTIONS NO. 3
One of the teen-age girls who was traveling with defendant Jacobs on the night of the shooting was called to testify for the State. The assistant district attorney ascertained that she was the wife of defendant Jacobs. He then asked her: "Rhonda, do you know that there is a law which says that a wife does not have to testify against her husband?" At this point defense counsel objected and moved for a mistrial. In arguing the objection, the assistant district attorney stated that his purpose in asking the question was to ascertain that there had been a voluntary waiver of the interspousal privilege. The trial judge overruled the objection and motion by the defendant, to which ruling the defendant reserved Bill of Exceptions No. 3.
R.S. 15:461 provides:
"The competent witness in any criminal proceeding, in court or before a person having authority to receive evidence, shall be a person of proper understanding, but;
"(1) Private conversations between husband and wife shall be privileged.
"(2) Neither husband nor wife shall be compelled to be a witness on any trial upon an indictment, complaint or other criminal proceeding, against the other.
"(3) In the trial of all indictments, complaints and other proceedings against persons charged with the commission of crimes or offenses, a person so charged shall, at his own request, but not otherwise, be deemed a competent witness."
The State could not compel Mrs. Jacobs to testify against her husband. Therefore, the State quite properly attempted to ascertain that Mrs. Jacobs was testifying voluntarily and was knowingly waiving her privilege against testifying adversely to her husband. The question did not prejudice the accused and, thus, could not form the basis for a mistrial. C.Cr.P. 770, 771.
Appellant's conviction and sentence are affirmed.
SANDERS, C. J., concurs in the decree.
SUMMERS, BARHAM and MARCUS, JJ., concur.