DENNIS, Justice.
The defendant, Martha Edwards Johnson, was tried and convicted by a jury of making improper telephone communications, La.R.S. 14:285,* on three successive days to the complainant, Wayne L. Fuqua. Defendant was sentenced to serve eighteen *1287 months in jail. The sentence was suspended and defendant was placed on supervised probation for eighteen months upon the condition that she serve six months in jail.
Defendant relies upon eight assignments of error for reversal of her conviction and sentence.
The salient facts giving rise to the conviction, as revealed by the record, are as follows. The complainant, Wayne L. Fuqua, held a mortgage on the defendant’s residence. After the defendant became delinquent in her payments Fuqua instituted foreclosure and eviction proceedings. Following these proceedings Fuqua received annoying telephone calls at both his office and residence after which the caller hung up without speaking. The telephone company installed a security device on Fuqua’s telephones in order to trace the annoying calls. Successful traces were made on July 16,17 and 18,1976 which indicated that the calls originated from two telephones belonging to W. C. Wheat, the defendant’s employer. The testimony at the trial established that the defendant worked in the Wheat residence on the days the successful traces were obtained.
ASSIGNMENT OF ERROR NO. 1
In this assignment defendant complains that the State sought to elicit evidence of annoying calls made on dates other than those contained in the bill of information. However, the witness’ testimony was limited to the dates mentioned in the charge. This assignment is frivolous.
ASSIGNMENT OF ERROR NO. 2
In this assignment the defendant complains that unresponsive answers given by the complainant on cross-examination were prejudicial and incompetent evidence. Defense counsel asked Mr. Fuqua if the caller identified himself or if there was a voice on the line. Mr. Fuqua responded that no identification was given but he could identify the defendant as the caller because he had become familiar with, her breathing patterns.
The answer was unresponsive but the defense counsel immediately interrupted the witness with his objection and the trial judge voiced his approval of the interruption. Defense counsel did not move for a mistrial or request that the jury be admonished. Thus defendant waived any error and presents nothing for our review. State v. Smith, 339 So.2d 829 (La.1976); State v. Mouton, 327 So.2d 413 (La.1976). This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
The defendant alleges that the trial court erred in allowing Mr. Cecil Henderson to qualify as an expert and testify as to the installation and operation of telephone security devices. Defendant argues that the State did not show that Mr. Henderson had the necessary training or experience to support his qualification as an expert.
The record reveals that Mr. Henderson, who is presently a central office foreman for the telephone company, has worked with telephone security devices since 1972. He installed 500 to 600 of the devices during his employment as a switchman and later, in his capacity as a foreman, supervised installation of the device by others. In addition to receiving on the job training he attended a school in New Orleans dealing with electronic switching systems and the mechanics of the security device. Henderson admitted that this was the first time he had been called to give expert testimony concerning the security device.
Determination of the competency of an expert witness is a question of fact and the trial court’s ruling will not be disturbed on appeal in the absence of manifest error. State v. Self, 353 So.2d 1282 (La. 1977); State v. Carter, 347 So.2d 236 (La. 1977); State v. Roach, 338 So.2d 621 (La. 1976); State v. Rogers, 324 So.2d 358 (La. 1976). From our review of the record we find that Mr. Henderson had the necessary training and experience to support the trial judge’s ruling and that the trial judge did not abuse his discretion. This assignment of error is without merit.
*1288 ASSIGNMENT OF ERROR NO. 4
Defendant objected to the introduction into evidence of State’s Exhibit No. 2 which consisted of the documents evidencing the traces made by the telephone company of the annoying calls made to Mr. Fuqua’s telephone from the Wheat’s telephones. On appeal defendant argues that the person making the trace was not present in court and that the documents are inadmissible hearsay.
From reading the record it appears that two telephone company employees participated in the tracing operations at issue here. A switchman, who was not present at the trial, initiated the traces immediately after Mr. Fuqua contacted the telephone company to report annoying calls. The tracing mechanism locked in the calling number so that it could be traced even after the caller hung up. Then the switchman and Mr. Henderson completed the tracing operations by checking and independently verifying the traces. Thus, defendant’s contention that the employee who performed the traces was not present at the trial is without merit because Mr. Henderson checked and verified the steps initiated by the other employee in addition to completing the tracing operation himself.
While the documentary evidence may be classified as hearsay because it was an un-sworn out-of-court assertion offered to prove the truth of the matter asserted, its admission into evidence does not present grounds for reversal. Since Mr. Henderson, who completed the traces and documentation thereof, was present at trial and underwent cross-examination by the defendant, defendant’s constitutional right to confront the witnesses against him was not violated. U.S.Const, amend. VI; La.Const. of 1974, art. I, § 16; State v. Stuart, 344 So.2d 1006 (La.1977) (dictum). Thus, because the defendant had the right to confront and cross-examine Mr. Henderson concerning the documentary evidence, no prejudice was suffered from the introduction of the evidence. La.C.Cr.P. art. 921. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 5
During the trial Mrs. Wheat, the defendant’s employer, testified that the complainant contacted her about the calls being made from the telephones located in her residence. When Mrs. Wheat was questioned about her actions following her conversation with the complainant, the defendant objected on the grounds of relevancy. The objection was overruled and Mrs. Wheat was allowed to testify that she questioned the defendant about making such calls and that she was considering having a tap put on the telephones to clear up the matter. Mrs. Wheat further testified that the defendant told her she thought it would be a good idea to have a tap put on the phones to clear things up. After additional questions concerning the defendant’s reactions during this conversation with her employer, the trial judge curtailed this line of questioning.
Viewing Mrs. Wheat’s testimony as a whole, the trial judge’s initial ruling allowing the State to go into the events following Mrs. Wheat’s conversation with Mr. Fu-qua did not prejudice the defendant in a manner to warrant a reversal. La.C.Cr.P. art. 921. Rather, as the State points out, the testimony of Mrs. Wheat can be viewed as favorable to the defendant. This assignment does not present reversible error.
ASSIGNMENT OF ERROR NO. 6
Defendant alleges that the trial court erred in allowing the State to ask her whether she had been married in a church or had a common law marriage. On appeal defendant argues that the question was irrelevant and an improper method of attacking her credibility. We agree. While a witness may be cross-examined on the whole case, La.R.S. 15:280, the status of defendant’s marriage is neither relevant to the offense charged nor to her credibility. Moreover, La.R.S. 15:494 provides that a witness cannot be impeached as to collateral facts or irrelevant matter. However, the error is non-prejudicial in this case because the defendant, in response to the question, testified that she and her husband were *1289 married in 1950. Thus, reversible error is not presented here. State v. Smith, 322 So.2d 197 (La.1975); La.C.Cr.P. art. 921. This assignment of error is without merit.
ASSIGNMENTS OF ERROR NOS. 7 and 8
In these assignments defendant alleges that the evidence presented at the trial was insufficient to support the jury verdict. An allegation that the verdict was based on insufficient evidence is essentially a factual question. Only where the defendant has moved for a judgment of acquittal in a trial before a judge or filed a motion for a new trial in a jury trial based upon the contention that there is no evidence at all of an essential element of the crime charged is a question of law presented which this Court can review. State v. Blackstone, 347 So.2d 193 (La.1977). Since defendant did not move for a new trial on this ground, these assignments present nothing for this Court to review.
For the reasons assigned, the defendant’s conviction and sentence are affirmed.

 La.R.S. 14:285 provides, in pertinent part:
“A. No person shall:
[[Image here]]
“(2) Make repeated telephone communications anonymously or otherwise in a manner reasonably expected to annoy, abuse, torment, harass, embarrass or offend another, whether or not conversation ensues;
« * sfs * ”