PER CURIAM.
Defendant John T. Martin was convicted of attempted armed robbery, La.R.S. 14:27 and 14:64, adjudged a second felony offender under the provisions of La.R.S. 15:529.1, and sentenced to serve forty years at hard labor. On appeal, this Court affirmed the conviction but set aside the sentence, finding “the evidence adduced [at the multiple offender hearing] . . incompetent to convict defendant as a second offender.” 356 So.2d 1370, 1376 (La.1978). Eight months after the case had been remanded, defendant was brought before the trial court for resentencing. The state abandoned the multiple offender bill, but the trial court, without assigning reasons for its decision, reimposed the original sentence of forty years at hard labor. Defendant now appeals from that sentence, urging three of the four assignments of error filed below.
By his first assignment, defendant contends that the trial court erred in failing to comply with La.C.Cr.P. Art. 894.1, which requires it to “state for the record the considerations taken into account and the factual basis therefor in imposing sentence.”
The requirement is not merely one of form: it holds the sentencing court to a consideration of criteria “designed to adapt the sentence to the offender as well as the offense.” State v. Jackson, 360 So.2d 842, 844 (La.1978). Moreover, absent some articulation of the guidelines followed in imposing sentence, this Court cannot in-formedly review a claim that the sentence is excessive. See, State v. Touchet, 372 So.2d 1184 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). When the reasons for an apparently severe sentence do not appear in the record, this Court may vacate the sentence and remand for resentencing even though there was no formal objection to the trial court’s noncompliance with Arti *565 cle 894.1. State v. Touchet, supra; State v. Cox, 369 So.2d 118 (La.1979).
In this case, the trial court gave no explanation for the reimposition of the forty year sentence which had resulted from the multiple offender proceedings, subsequently abandoned. On the present record, we are unable to review defendant’s claim (assignment of error no. 8) that the sentence was excessive, although its severity (the maximum for the offense is 49½ years) warrants that the sentence be set aside and the case remanded for resentencing with a full statement of reasons.
Defendant also contends that the eight month delay in resentencing after the finality of this Court’s first remanding decision divested the trial,court of its sentencing jurisdiction. See, La.C.Cr.P. Art. 874; State v. McQueen, 308 So.2d 752 (La.1975). However, we find that under the circumstances of this ease, the delay was not unreasonable, nor was defendant prejudiced by it.
Accordingly, the sentence is vacated and the case remanded for resentencing in accordance with law.