411 So.2d 697 (1982)
Gary M. ZIEMBA
v.
CITY OF NEW ORLEANS.
No. 12768.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
*698 J. Terrell Heath, New Orleans, for Ziemba.
Thomas W. Milliner, Asst. City Atty., New Orleans, for City of New Orleans.
Before BARRY, WARD and BYRNES, JJ.
WARD, Judge.
The City of New Orleans appeals a judgment in favor of plaintiff, Gary Ziemba, which awarded damages for his false arrest. The determinative issue is whether the trial judge erred when he refused to receive as evidence a City of New Orleans police report relied upon by the City to show probable cause for the arrest of the plaintiff. The City contends the police report was admissable as a business record exception to the hearsay rule.
Gary Ziemba was arrested for the crimes of simple burglary, possession of stolen property, assault of an officer, and resisting arrest. He was taken to the Central Lockup where he was booked, fingerprinted, photographed, and sprayed with disinfectants. He remained in police custody thirty-six hours. After review of the police report, the district attorney declined to prosecute Ziemba for any of these offenses. During trial of Ziemba's claim of damages for false arrest, Ziemba testified that he was innocent of these crimes, that he was at another place working offshore in the Gulf of Mexico when the burglary occurred, and that he was never in possession of stolen property. Ziemba possessed payroll receipts and crewboat logs corroborating his alibi. The City conceded the arrests for assault of an officer and resisting arrest were without any basis.
In an attempt to prove probable cause for the arrest of Ziemba for burglary and possession of stolen property, the City offered as evidence the police report of the investigating officer. The custodian of the records of the police reports was present and prepared to testify during trial to establish a foundation for the introduction of the report of the burglary and possession of the stolen property. However, the police officer subpoenaed for the purpose of showing that the investigating officer was no longer employed by the police department and could not be located, did not appear to testify.
The trial judge refused to receive the offer of the police report because the investigating *699 officer who prepared the report was not present in court to testify, and the City did not produce witnesses to testify that he could not be found, and that he was not otherwise subject to the processes of court.
Permanent business records, regularly kept during the operation of a business, have been recognized by Louisiana courts as an exception to the hearsay rule; they are offered to prove the truth of the matter asserted therein. It is usually sufficient to show as a basis for their receipt as evidence that certain conditions have been met: (1) they are permanent, regularly kept records; (2) the record was made within a reasonable time after the occurrence of the event; and (3) the information was furnished by one having a business duty to report or record the event in the regular course of business. Although a custodian may testify that these conditions have been met, at least as to police records in Louisiana, more is required. The Louisiana Supreme Court in State v. Martin, 356 So.2d 1370 (La.1978) held:
... before such exception may be invoked by the State against the defendant, allowing introduction of a permanent record made in the ordinary course of business from personal knowledge of the facts recorded, or from information furnished by one having a business duty to observe and report the facts, it must be shown that the person who made the record is genuinely unavailable for testimony, that he had no strong motive to misrepresent, and that in all probability the evidence is trustworthy.
The City has failed to meet at least one condition precedent to the admission of the police report; it has failed to show the officer who prepared the report is genuinely unavailable. Additionally, since the arrest of Ziemba for assault and resisting arrest is conceded to be erroneous, there is no logical basis to believe that in all probability the report was trustworthy, and it was within the trial judge's discretion to refuse to receive it as evidence for that reason alone. For both of these reasons, a proper foundation for the admission of the police report was not established. The trial judge's ruling is correct.
We conclude that Ziemba did not have to prove the absence of probable cause for his arrest. This is an affirmative defense that must be proven by the City. LSA-C.C.P. Arts. 1004 and 1005. The City failed to prove that probable cause existed to arrest Ziemba for burglary, possession of stolen property, or any other offense. Ziemba is entitled to recover reasonable damages under LSA-C.C. Art. 2315, which includes the tort of false arrest.
The amount of damages awarded was not questioned and is not an issue in this appeal.
We affirm.