421 So.2d 213 (1982)
STATE of Louisiana
v.
Anthony McCARTY.
No. 82-K-0461.
Supreme Court of Louisiana.
October 18, 1982.
*214 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., James C. McMichael, Jr., Dale G. Cox, Asst. Dist. Attys., for plaintiff-relator.
Jeannette G. Garrett, Richard Goorley, Shreveport, for defendant-respondent.
MARCUS, Justice.
Anthony McCarty was indicted by the grand jury in the same indictment in separate counts with first degree murder in violation of La. R.S. 14:30 and armed robbery in violation of La. R.S. 14:64. Defendant filed a pretrial motion to suppress certain inculpatory statements made by him. After a hearing, the trial judge ordered the statements suppressed. On the state's application, we granted a writ under our supervisory jurisdiction to review the correctness of these rulings and consolidated the case for hearing with State v. Kevin Michael Shea, 421 So.2d 200, presently on rehearing. Separate opinions will be rendered in these cases.
At the suppression hearing, the following facts were adduced. At about 1:30 p.m. on January 13, 1981, McCarty was arrested. He was advised of his Miranda rights and taken to the police station. He was then turned over to Detective Lindsay who also advised him of his rights (1:45 p.m.). McCarty indicated that he understood his rights and signed a waiver of rights form. At that time, McCarty indicated that he wanted to call his lawyer. Defendant was allowed to use the phone but was unable to get in touch with his attorney. After defendant hung up the phone, Lindsay asked him "if there was anything he wanted to say about it [the case]." Defendant then told Lindsay and another officer that he had been elsewhere on the night of the crime. Questioning then ceased.
At about 1:00 p.m. the next day (some twenty-four hours later), upon learning that the victim of the robbery had died, Detective Lindsay contacted McCarty and again advised him of his Miranda rights. McCarty indicated that he understood them and signed a waiver of rights form. The only statement he made at that time was that the police should "check with people in the house [where defendant had said he was on the night of the crime], that they would verify where he was." At the conclusion of the hearing, the trial judge, finding that the police initiated conversation with defendant after he had invoked his right to counsel, suppressed both statements.
We consider that the trial judge correctly suppressed the first statement made by McCarty. Defendant had stated that he wanted to call a lawyer. After defendant hung up the phone, Detective Lindsay immediately continued the interrogation. In *215 Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1965), the United States Supreme Court stated:
If [the accused] indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. (Emphasis added.)
Rather than following the dictates of Miranda and terminating interrogation, Lindsay continued to question defendant. Hence, this statement was obtained in violation of Miranda and is inadmissible.
We reach a different result as to the second statement. Once defendant had invoked his right to counsel, the validity of any subsequent waiver depends upon the "scrupulously honoring" of that right by the police. State v. Kevin Michael Shea, 421 So.2d 200 (La.1982) (on rehearing).
Under similar facts in Shea, we held that defendant's right to counsel was "scrupulously honored." In the instant case, as in Shea, there was a twenty-four hour delay between the original request for an attorney and the subsequent interrogation. Miranda warnings were given before each separate interrogation. Likewise, waiver of rights forms were signed on each occasion. There is no evidence, nor is it claimed, that any mental or physical coercion was involved. The fact that Detective Lindsay initiated further questioning is only one of the factors to be considered. Under the totality of the circumstances, we conclude that McCarty's right to counsel was "scrupulously honored." Hence, the second statement did not violate the principles of Miranda and is therefore admissible in evidence.
In reaching this result, we must also conclude that Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), should not be given retroactive effect as Edwards held that once an accused has expressed his desire to deal with the police only through counsel, he is not subject to further interrogation by the police until counsel has been made available to him, unless the accused himself initiates further communication with the police. Here, after invoking his right to counsel, counsel was not made available to McCarty nor did he initiate further communication with the police. Rather, it was Detective Lindsay who initiated further communication with him. However, in State v. Kevin Michael Shea, supra, we held the "new rule" pronounced in Edwards was non-retroactive. Therefore, it would have no effect in the instant case since the statement in question was made on January 14, 1981, some four months prior to the Edwards decision (May 18, 1981).
The state also contends that even if a statement is suppressed because of a violation of Miranda, it should still be permitted to impeach defendant's testimony by use of the statement. This argument is applicable only to the first statement that we found to have been obtained in violation of Miranda and therefore inadmissible. The trial judge's ruling is not so broad as to bar the use of this statement for impeachment purposes. Specifically, he did not pass on the voluntariness of the statement. Therefore, the state's fears are premature. Nevertheless, we shall address this issue because it will arise at trial if defendant takes the stand, for then he is subject to impeachment.
In Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), the United States Supreme Court held that a confession which was not preceded by Miranda warnings could be used in cross-examination if that confession was otherwise voluntary and the defendant's direct testimony was inconsistent with the confession. Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975), extended the scope of Harris to a situation where the statement was made after the Miranda warnings, but before defendant was provided requested counsel. Thus, we find no constitutional bar to the use of defendant's statement for impeachment purposes if that statement is determined to have been made voluntarily. Consequently, if the trial judge determines that defendant's statement was made voluntarily, the statement is admissible for impeachment purposes.

*216 DECREE
For the reasons assigned, the ruling of the trial judge prohibiting the admission in evidence of defendant's first statement in the state's case in chief is affirmed; however, the ruling of the trial judge suppressing the second statement is reversed and set aside. The case is remanded to the trial court for further proceedings in accordance with law.
DIXON, C.J., dissents.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice, dissenting.
I dissent from the majority's determination that the second statement defendant made was admissible. State v. Thucos, 390 So.2d 1281 (La.1980), with a contrary result, is indistinguishable from the present case on this issue and should, therefore, be controlling. Furthermore, I believe Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) should be given retroactive effect. For a more thorough discussion of these views, see my dissent to State v. Shea, 421 So.2d 200 (La.1982), a companion case also rendered this day.