HALL, Judge.
The defendant, Kenneth Ray Clark Ramsey, appeals from his conviction of simple robbery, LSA-R.S. 14:65, for which he was sentenced to five years at hard labor. On February 21, 1984, this court affirmed the defendant’s conviction, 449 So.2d 1201, limiting the scope of review to errors discoverable by an inspection of the pleadings and proceedings due to the failure of the defendant to file assignments of error with the trial court as required by LSA-C.Cr.P. Art. 844. On March 16, 1984, the Louisiana Supreme Court vacated the judgment of this court, and with instructions, ordered the court of appeal to reconsider the defendant’s appeal. State v. Ramsey, 450 So.2d 660 (La.1984). The Supreme Court held that when an appellant files assignments of error for the first time in the appellate court, the appropriate action for that court is to hold the appeal in abeyance while ordering appellant’s counsel to comply with LSA-C.C.P. Art. 844. Having considered defendant’s assignments of error subsequently filed in the trial court, we affirm the conviction and sentence.
The state’s evidence establishes that on the evening of September 12, 1980, two men armed with a shotgun and a pistol, robbed Mr. and Mrs. John T. Willis of cash and jewelry at their home in Tallulah, Louisiana. According to the plan, Stanley Washington and his cousin, Donald Washington, were to break into the Willis house shortly before the Willises closed their service station and convenience store in Tallu-lah. The defendant was to purchase gasoline from the Willis Service Station shortly before closing time with $5 given to him by Donald Washington. When the Willises closed their business, the defendant was to drive to the Willis house and honk his horn once in order to notify the two inside that everything was okay. When the Willises left the service station for their house, *213 defendant was to drive by the Willis house again and honk his horn twice in order to inform the two inside the house that the Willises were on their way home. At trial, both Washingtons indicated that the defendant did what he was supposed to do according to the plan.
Mr. and Mrs. Willis testified at trial that after entering the bedroom of the home, two men entered pointing guns at them and told them to lay down and turn over. The two men then robbed the Willises of a watch, a diamond ring, and approximately $3,000 in cash, checks, coins, and food stamps. The two men then tied the Willis-es up and departed.
Both Stanley Washington and Donald Washington pled guilty to the robbery and testified against the defendant. Both Washingtons indicated that approximately 15 minutes after the robbery the defendant came by Donald Washington’s house where he received $250 from each of the two men as his share of the robbery proceeds.
A shotgun used by the Washingtons in the robbery belonged to the defendant. The defendant led police officers to a stream where he had disposed of the gun after the robbery, and the gun was recovered. According to the testimony of a deputy sheriff, the defendant admitted his participation in the crime as described by the Washingtons.
Defendant was charged by bill of information with armed robbery, however, after trial by jury, defendant was found guilty of the responsive offense of simple robbery in violation of LSA-R.S. 14:65. On appeal, the defendant urges four assignments of error:
(1) The defendant urges on appeal that the trial court committed error when the Honorable Judge Ragland denied the defendant the right to impeach the testimony of Donald Ray Washington;
(2) The defendant urges on appeal that the trial court committed error when it refused to allow the introduction of a letter allegedly written by Wilson Bryant for Donald Ray Washington to the attorney for the defense, wherein Washington offered to give favorable testimony for the sum of $1,500;
(3) The defendant urges on appeal that the trial court committed error when it allowed testimony by officers, Billy Guice and Robert South, of the alleged statements made by the defendant after he retained counsel; and
(4) The defendant urges on appeal that the trial court committed error in sentencing the defendant to five years.

Assignments of Error Nos. 1 and 2:

By this assignment the defendant asserts that the trial court erred in refusing to allow a letter into evidence in order to impeach the testimony of Donald Ray Washington.
Prior to trial, Donald Washington gave Marjorie Day, a jailer with the Madison Parish Sheriffs Department, an envelope with a note attached. Donald Washington admitted writing the note. The note directed to Marjorie Day states as follows:
“Hello, Margie
“I don’t mean to Worry you this morning, But if you can fine time to drop this letter off, I would more than appreciate it, anytime that will have the chance, just put it in the Mail Box ‘office or House’.
‘Thank you Very Much,’ ”
The envelope attached to the note was addressed to the defendant’s attorney, Samuel Thomas. Donald Washington denied that he wrote the letter which was inside the envelope to the defendant’s attorney. Washington asserted that he delivered the envelope with the letter inside as a favor for another inmate, Wilson Bryant. Wilson Bryant testified that the letter inside the envelope was written by him. However, Bryant further indicated that he copied the letter from a document prepared by Donald Washington upon Washington’s instructions. The trial court sustained the state’s objection to the introduction of the letter into evidence on the basis of inadequate foundation. The trial court additionally stated it felt the letter was hearsay, *214 despite the lack of an objection on the basis of hearsay.
The trial court further ruled that the letter could not be made part of the record in the form of a proffer. However, according to the undisputed allegations in defendant’s brief, Donald Washington allegedly indicated to defendant’s attorney in the letter that he would testify in favor of the defendant in return for $1,500.
The defendant asserts in brief that the letter was admissible as extrinsic evidence, without laying a foundation. We need not reach this question since we find the defendant presented an adequate foundation for the admission of the letter into evidence.
No instrument under private signature is admissible in evidence without proof of its genuineness. LSA-R.S. 15:456. The document offered must be authenticated as genuinely that which it purports to be. State v. Martin, 356 So.2d 1370 (La.1978).
In State v. Taylor, 448 So.2d 773 (La.App. 2d Cir.1984), this court found that a document is admissible if there is evidence sufficient to support a finding that the item in question is what its proponent claims it to be. Proof of any circumstances which will support a finding that the writing is genuine will suffice to authenticate the writing.
In the present case there is strong circumstantial evidence that Washington wrote the letter in question or at least directed Wilson Bryant to write the letter in his own behalf. Defendant, while in jail, handed the letter to Marjorie Day asking her to deliver or mail the letter to the defendant’s attorney. Additionally, the subject matter of the letter clearly pertains to Donald Washington’s testimony. Therefore, from the evidence presented to the court, it is more probable than not that the letter is a letter written by Donald Washington or in his own behalf. The evidence establishes the genuineness and authenticity of the letter as one from Donald Washington to the defendant’s attorney. Therefore, a proper foundation was laid for its admission and the trial court erred in excluding the letter.
However, a judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not effect substantial rights of the accused. LSA-C.Cr.P. Art. 921. Error made by the trial court'is not fatal unless defendant demonstrates actual prejudice. State v. Allen, 440 So.2d 1330 (La.1983); State v. Johnson, 453 So.2d 279 (La.App. 2d Cir.1984).
Had the letter been admitted into evidence, it would have reflected on the veracity of Donald Washington’s testimony. However, the jury was well aware of the Washington’s guilty plea for the same crime for which the defendant was on trial. The jury had sufficient evidence, if they chose, to doubt the testimony of Donald Washington.
Additionally, the testimony of Donald Washington was corroborated by his cousin, Stanley Washington. Further, there was substantial other evidence supporting a finding of guilt. Therefore, we find the error committed by the trial court to be harmless and not warranting reversal of the defendant’s conviction.
The defendant further asserts that under LSA-R.S. 15:468, the district attorney had an obligation in the interest of justice to grant immunity to Wilson Bryant and compel him to testify in regards to the letter in dispute and Donald Ray Washington’s connection with that letter.
Outside the presence of the jury, Wilson Bryant testified he wrote the letter in question upon instructions by Donald Ray Washington. According to defendant’s brief, the letter indicated that Washington would accept $1,500 in return for favorable testimony on behalf of the defendant. The trial court then found it necessary to appoint counsel to represent Wilson Bryant. Bryant’s appointed attorney advised Bryant to exert his Fifth Amendment privilege regarding any questions concerning the letter.
*215 Defendant asserts that Bryant should have been granted immunity pursuant to LSA-R.S. 15:468. LSA-R.S. 15:468 states as follows:
“Any person may be compelled to testify in any lawful proceeding against another charged with commercial bribery, public bribery, bribery of voters or corrupt influencing, and shall not be permitted to withhold his testimony upon the ground that it may incriminate him or expose him to public infamy; but such testimony shall not afterwards be used against him in any judicial proceeding, except for perjury in giving such testimony.”
It is readily apparent that LSA-R.S. 15:468 has no application to the present case since it has not been shown that either Wilson Bryant or the defendant was charged with any type of bribery.
We find these assignments of error to be without merit.

Assignment of Error No. 3:

By this assignment, the defendant asserts that statements he made after his arrest were inadmissible because they were taken as a result of police interrogation after defendant had invoked his right to counsel.
In Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the United States Supreme Court held that once an accused has expressed his desire to deal with the police only through counsel, he is not subject to further interrogation by the police until counsel has been made available to him, unless the accused himself initiates further communication with the police. Once the defendant has invoked his right to counsel, the validity of any subsequent waiver depends upon the scrupulously honoring of that right by the police. State v. McCarty, 421 So.2d 213 (La.1982).
Defendant argues in brief that officers Billy Guice and Robert South testified with regard to statements made by the defendant after they were notified that counsel was retained. However, evidence adduced at trial does not support the defendant’s claim.
The evidence shows that prior to the defendant’s arrest, the defendant assisted the officers in recovering a shotgun used in the robbery. Officer Guice testified that the defendant was advised of his Miranda rights and that there were no threats or promises made to the defendant in order to induce him to make a statement. Further, Officer Guice recalled no mention of counsel by the defendant.
When a defendant alleges police misconduct in reference to a statement made by him, the state must specifically rebut those allegations. LSA-R.S. 15:451; State v. Neslo, 433 So.2d 73 (La.1983). The evidence presented in the present case indicates that the state made an adequate showing that the defendant had not invoked his right to counsel. Defendant’s apparent cooperation, along with Officer Guice’s testimony that the defendant had been advised of his Miranda rights rebuts defense counsel’s bare allegation in brief that the defendant had informed the officers that he had employed an attorney. The defendant’s argument lacks any evi-dentiary basis in the record.
Therefore, we find that this assignment of error is without merit.

Assignment of Error No. 4.

By this assignment, the defendant asserts that the defendant received an excessive sentence. The record reflects the trial court sentenced the defendant to serve five years at hard labor. The defendant’s conviction of simple robbery under LSA-R.S. 14:65 allows for a term of imprisonment of not more than seven years. In brief, the defendant argues that the trial court failed to adequately consider the mitigating circumstances of the defendant’s case.
The sentencing guidelines of LSA-C.Cr.P. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravat *216 ing and mitigating circumstances in Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Cody, 446 So.2d 1278 (La.App. 2d Cir.1984).
In sentencing the defendant, the trial court found that there was an undue risk that during a period of suspended sentence or probation, the defendant would commit another crime. The court also found that the defendant was in need of correctional treatment in a custodial environment in order to reestablish his sense of right and wrong. The court also found that a lesser sentence would deprecate the seriousness of the crime because of the use of the pistol and a shotgun in the commission of the robbery.
The pre-sentence report contained in the record indicates numerous mitigating circumstances. Specifically, the defendant is a youthful first-felony offender with only one prior conviction involving theft by shoplifting. The defendant received an associate degree in general electricity and wiring. The defendant has one child from his marriage and one child born prior to his present marriage. Law enforcement officials from both Madison Parish and Tallu-lah advised that defendant was not known as a troublemaker.
This court recognizes that the trial court failed to refer to mitigating circumstances indicated in the pre-sentence report. However, despite the lack of recitation of mitigating circumstances, the record fully supports the sentence given in the present case. Defendant’s participation in a crime involving dangerous weapons clearly supports the sentence of five years. Therefore, we find this assignment of error to be without merit.

Decree

The defendant’s conviction and sentence are affirmed.
Affirmed.