CIACCIO, Judge.
Defendant, Rene Gaines, was indicted for the “first degree murder of one Avis Wells, while attempting to kill more than one person.” R.S.14:30. The defendant was found guilty as charged and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. The defendant appeals his conviction and sentence relying upon three assignments of error and we affirm.
Prior to this incident, the victim, Avis Wells and the defendant, Rene Gaines, had lived together in the Desire Street Project for a period of approximately nine months. The defendant was the father of two of the victim’s six children.
The events preceding this shooting are told in two conflicting versions.
The victim’s two sisters and a brother who witnessed the incident gave this account of the incident: On June 15,1984, the victim had arrived at her mother’s house in the 1700 block of Laharpe Street at about *1240 midday. She had gone to the house in order to collect her mail. The victim had heard that her brother, Thomas Wells, had been involved in an altercation with one Charles Speed. The victim and her sister, Deidra Wells, drove to Thomas’ house, in the nearby vicinity, and then proceeded to the Circle Food Store before returning to the Laharpe Street home. Upon their arrival at their mother’s residence, the victim was confronted by the defendant, after he drove up and parked his bicycle behind the car they had been driving. The defendant expressed his displeasure that the victim had used his car without his permission. The defendant demanded that the victim accompany him to the Project residence and she refused. The victim then moved her head inside the vehicle in order to retrieve some papers from the car seat. She was struck in the face by the defendant. Thereafter a physical confrontation ensued between the defendant and the victim. Several shots were fired, by the defendant, first at the victim and then at her brother, Eugene Wells, who attempted to aid his sister by throwing a bottle at the defendant. The defendant next placed the revolver to the victim’s neck and pulled the trigger. The victim fell to the ground and the defendant fled the scene on foot.
The defendant gives the following account of the incident: On the date of the shooting he had received a telephone call from the victim’s sister telling him that the victim was involved in a fight around the corner at her brother Thomas’ house. Defendant obtained a ride to the victim’s mother’s house on Laharpe Street. When he arrived he found the victim at a nearby pay phone and she had just thrown-up. As Ms. Wells returned, according to the defendant, he scolded her for engaging in family fights. He asked for and was given his car keys by the victim. Thereafter, the victim went to the vehicle and retrieved a fishing knife from the front seat. A struggle ensued as the victim attempted to use the knife on the defendant. The defendant next observed the victim’s brother, Eugene Wells, reach inside the house for a small bag from which he drew a gun. Eugene Wells told his sister to get out of the way as he was going to shoot the defendant. Eugene Wells then fired the gun at the ground and he later fired two shots in the vicinity of the defendant and victim. According to the defendant, he thereafter broke loose from the victim and ran from the scene. He later learned, through his mother, that the victim had been shot.
Following this shooting, the victim was taken to Charity Hospital where she died the next day of a gunshot wound to the brain, which had been inflicted at close range.
A warrant was issued for the defendant’s arrest. He turned himself into the authorities and was thereafter identified at a police line-up by eye witnesses to the crime as the perpetrator of the shooting.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
The defendant, by Assignments of Error Numbers 1 and 2 contends that the trial judge committed reversible error by admitting hearsay testimony into evidence.
During the trial, the State, in its examination of investigating police officer, Michael Riley, asked the following:
Q. Officer, you questioned people on the scene?
A. Yes, we did.
Q. After you questioned those people, you got a warrant of arrest?
A. Yes, we did.
Q. Before you got that warrant of arrest, after you questioned all the people on the scene that you could, did you have any other name given to you as a possible perpetrator?
BY MR. REGAN:
Objection, hearsay and the same objection.
BY MRS. SMITH:
No, your honor, a yes or no answer.
BY THE COURT:
Wait a minute, Mr. Regan and Mrs. Smith What are the grounds of your objection?
*1241 BY MR. REGAN:
Well, sir, at this point she is calling for a statement or an opinion based on statements from alleged witnesses at the scene.
BY THE COURT:
As far as I can tell right now, you may be premature. She’s asking whether or not anybody else gave any information or gave a name—
BY MRS. SMITH:
Any other name—
BY MR. REGAN:
Was there any other name given to him by the witnesses he saw at the scene and I object to that because that’s pure hearsay. What he’s doing, he’s testifying as to what people said.
BY THE COURT:
No, no. Overruled.
BY MR. REGAN:
Please note my objection.
EXAMINATION RESUMED BY MRS. SMITH:
Q. Officer, I again ask the question: After you questioned the witnesses on the scene were you given any other name as the alleged perpetrator of this crime?
A. No, I wasn’t.
BY MRS. SMITH:
Thank you. [TR. 65-66]
Additionally, during the interrogation of homicide officer Donald Saucier, the State asked the following:
EXAMINATION RESUMED BY MRS. SMITH:
Q. When you were interviewing people, were you given any other name?
BY MR. REGAN:
Objection, hearsay.
BY THE COURT:
Overruled.
BY MR. REGAN:
Please note my objection.
A. No, ma’am, I was not. [TR 109-110]
Hearsay evidence is generally inadmissible. R.S. 15:434. Hearsay evidence is testimony in court or written evidence of a statement made out of court, the statement being offered as an assertion to show the truth of matters contained therein and thus, resting for its value, upon the credibility of the out of court asserter. State v. Martin, 356 So.2d 1370 (La.,1978), aff. after remand 372 So.2d 563.
The question as to whether the police officers were given the name of anyone other than the defendant is a fact within the knowledge of the testifying officer. It is not a statement which rest for its value upon the credibility of an out of court as-serter and it is not hearsay evidence.
The trial court correctly overruled the defendant’s objections to the admissibility of this evidence.
For these reasons, assignments of error numbers 1 and 2 lack merit.
ASSIGNMENT OF ERROR NO. 3
The defendant, by this assignment, seeks a review of the record for errors patent on the face of the pleadings and proceedings.
We have reviewed the record for errors patent and we find none. Accordingly, this assignment lacks merit.
For the reasons assigned the defendant’s conviction and sentence are affirmed.
AFFIRMED.
WARD, J., concurs with reasons.