11 BROWN, J.,
dissenting,
I respectfully disagree and would affirm the conviction. The incident with the child in the complex the day before defendant’s arrest was part and parcel of defendant’s threats the following day. Further, if introduction of this testimony was error, it was harmless. The jury would have surely convicted defendant without reference to this evidence.
Defendant sought in a pretrial motion to prevent the introduction of evidence revealing the name and nature of his prior felony. Because the prior felony was an essential element of the current charge of possession of a firearm by a convicted felon, defendant agreed to stipulate and judicially confess the validity of the prior California conviction. He would benefit by not having the jury know and be prejudiced by the details of the prior felony. Unfortunately, the record is silent as to what happened with this defense motion. If such a judicial admission or confession occurred, then no evidence or documents relating to the prior conviction would have been allowed. Old Chief v. U.S., supra.
Obviously, the fingerprint document S-2 is not the original document from the Los Angeles Police Department and is a copy; therefore, La. C.E. art. 904 would be applicable, which article provides as follows:
When an original public document is deemed authentic without proof by extrinsic evidence as provided in Article 902(1), (2), or (3), a purported copy of the document also shall be deemed authentic when certified as true or correct by the custodian or other person authorized to make that certification, by certificate complying with Article 902(1), (2), or (3).
According to the article’s comments, in criminal cases “... a court might be justified in requiring some additional evidence to support a ‘bare bones’ certificate if it had real doubt as to the validity of the certificate or the authority of the custodian,” citing, State v. Cobb, 419 So.2d 1237 (La.1982); and State v. Martin, 356 So.2d 1370 (La.1978).
| ..Document S-2 was properly certified by “Yang” from the Los Angeles Police Department Records and Identification Division. It also bears the official stamp of the LAPD.
Considering defendant’s pre-trial admission of the validity of the prior conviction, the court records, defense counsel’s admission in closing argument and the identifying information contained in the document, extrinsic evidence was unnecessary for this “bare bones” certification. There was no real doubt as to the validity of the certificate or the authority of the custodian.
APPLICATION FOR REHEARING
Before NORRIS, C.J., and BROWN, STEWART, CARAWAY and KOSTELKA, JJ.
Rehearing denied.